■ RAYMOND E. PAYNE, Respondent, v. VILLAGE OF HORSEHEADS et al., Respondents, and COUNTY OF CHEMUNG, Appellant.— The defendant County of Chemung moved to dismiss the plaintiff's complaint and the plaintiff thereupon moved for an order permitting him to serve a late notice of claim on the defendant's County Attorney. The defendant's motion was denied and the plaintiff's motion was granted. The accident for which plaintiff seeks to hold the county liable occurred on December 31, 1962. The plaintiff retained his present attorneys on March 15, 1963. The County Attorney was not served with a notice of claim. Subdivision 3 of section 50-e of the General Municipal Law provided: "The notice shall be served * * * by delivering a copy thereof, in duplicate, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered". Subdivision 3 of section 228 of the Civil Practice Act provided for service of a summons upon a county as follows: "If the action be against a county, to the chairman or clerk of the board of supervisors, the county clerk, or the county treasurer; and in addition thereto a copy thereof must be served either personally or by registered mail upon the county attorney, if the county has a county attorney". The affidavit of the plaintiff's attorney states: "4. That because the ninety (90) day statutory period provided for the filing of claims against municipal governments was within a very few days away,

your deponent immediately prepared a Notice of Claim, pursuant to Section 50e of the General Municipal Law, and had same signed and sworn to by the claimant. (A copy of the Notice of Claim herein referred to is attached hereto and made a part hereof.) That the following day, March 26, 1963, and within ninety (90) days after the claim herein arose your deponent personally served a copy of the annexed Notice of Claim upon the defendant, County of Chemung, by delivering to and leaving with the Clerk of the Board of Supervisors of said defendant, County of Chemung, a true copy thereof, and that on the following day, March 27, 1963, your deponent personally served an additional copy of said Notice of Claim upon the Chairman of the Board of Supervisors of the said defendant, County of Chemung. 5. That prior to your deponent serving the said Notices upon the two (2) above named officials of the said County of Chemung your deponent went to the office of the Attorney for the County of Chemung and was informed by said County Attorney's Office Staff that the said County Attorney was on business out of the county and would not return until the following week. This would be beyond the 90th day after the claim herein arose. Your deponent, therefore, upon learning these facts served a copy of the said Notice of Claim upon the Clerk of the Board of Supervisors, as aforesaid, and asked the Clerk of the Board of Supervisors to give this Notice, which was served upon him, to the County Attorney upon said County Attorney's returning from out of town. Your deponent explained to the Clerk of the Board of Supervisors the reason for this request, namely; that deponent was unable to contact the County Attorney within the ninety (90) day period. The Clerk of the Board of Supervisors agreed to immediately notify the said County Attorney and to place in his hand the copy of the Notice of Claim which was served upon him on the 26th day of March, 1963 as aforesaid. Since the Chairman of the Board of Supervisors was not available on that day, your deponent contacted said Chairman the following day, March 27, 1963, and had the same conversation with the Chairman as deponent had with the Clerk as aforesaid, and your deponent made the same request of the said Chairman of the Board of Supervisors, namely; the turning over to the County Attorney the Notice of Claim which deponent served upon the Chairman of the Board of Supervisors on the 27th day of March, 1963. The Chairman of the Board of Supervisors also agreed to do this immediately upon said County Attorney returning to his office." We consider the plaintiff's authorization to serve a late notice of claim on the County Attorney to have been unwarranted by the evidence. Subdivision 5 of section 50-e of the General Municipal Law provided: " The court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified in subdivision one of this section in the following cases: (1) Where the claimant * * * is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified ". As the plaintiff retained an attorney approximately 15 days prior to the expiration of 90 days from the date of the accident, the failure to file the notice within the time limited may not be attributed to mental or physical incapacity of the plaintiff. Subdivision 6 of section 50-e of the General Municipal Law provided: " a mistake, omission, irregularity or defect made in good faith in the notice of claim * * * not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby." The failure to serve the County Attorney relates to the manner of service. In *Matter of Daly* v. *County of Monroe* (19 A D 2d 691, mot. to

dism. app. den. 13 N Y 2d 984, affd. 14 N Y 2d 574) there was presented an issue created by due service on an appropriate official and omission thereafter to serve the County Attorney. In reversing an order permitting completion of service of the notice of claim after expiration of the statutory period it was stated: "The court lacked power to grant such an order. There is no provision of law which authorizes the court to permit a claimant to correct a defect in the manner or time of service of a notice of claim after expiration of the 90-day period." We think also that the complaint should have been dismissed. The complaint states: "That on or about the 26th day of March, 1963, and within ninety (90) days after the claim herein sued upon arose, plaintiff caused a Notice of Claim in writing, sworn to by the claimant, to be served upon the defendant County of Chemung by having a copy of said Notice of Claim served upon the Clerk of the Board of Supervisors of said defendant County of Chemung, and serving an additional copy of said Notice of Claim personally upon the Chairman of the Board of Supervisors of the said defendant County of Chemung, on March 27, 1963. That the attorney for the defendant, County of Chemung, was not served either personally or by registered mail of the Notice of Claim by reason of the fact that both of the above named Clerk of the Board of Supervisors and Chairman of the Board of Supervisors of said defendant County of Chemung agreed to personally turn their copy of the Notice of Claim to the County Attorney of said defendant County of Chemung when said County Attorney returned from his business out of the County." A personal and gratuitous promise, even if made, by the Clerk or the chairman to complete service within the statutory period would not constitute an act of the county constituting waiver or estoppel and the allegations of the complaint are insufficient as a matter of law to allege waiver or estoppel on the part of the county. Order denying motion to dismiss complaint reversed, and motion granted. Order authorizing service of late notice of claim reversed, on the law and the facts, and application denied, with costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.